IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AGNES MLECZEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 0238 |
| ) | Wayne R. Andersen |
| ASPEN SKIING COMPANY, LLC, a ) | District Judge |
| Colorado LLC, BELL MOUNTAIN ) | |
| PARTNERS, an Illinois Limited ) | |
| Partnership, BELL HIGHLAND ) | |
| CORPORATION, an Illinois ) | |
| Corporation, UNKNOWN SKIING ) | |
| COMPANY, DONNI COCHRAN, ) | |
| Individually and as Agent of ASPEN ) | |
| SKIING COMPANY, LLC, and ) | |
| UNKNOWN AGENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motions of defendants Aspen Skiing Company, LLC ("Aspen LLC"), Bell Mountain Partners Limited Partnership ("Bell Partnership"), and Bell Highlands Corporation ("Bell Corp.") to transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a) and by Aspen LLC to dismiss for lack of personal jurisdiction. For the following reasons, the motion to transfer venue is granted, and Aspen LLC's motion is accordingly denied as moot.

## BACKGROUND

Plaintiff Agnes Mleczek filed a claim for eighteen counts of negligence, breach of contract, and breach of duty against the defendants after she fell while skiing in Snowmass, Colorado on a slope allegedly managed by Aspen LLC. Defendant Donni Cochran, a ski instructor, is alleged to have negligently instructed Mleczek which caused her to sustain several injuries.

Aspen LLC is a limited liability company organized under Colorado law with its principal place of business in Aspen, Colorado. Bell Partnership is the manager of Aspen LLC. Bell Corp. is the general partner of Bell Partnership. Both Bell defendants claim that they are not involved in any of the day-to-day business or organizational decisions involved in the operation of Aspen LLC.

On February 16, 2007, Aspen LLC, Bell Partnership, and Bell Corp. filed this motion to transfer venue. Aspen LLC also filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section aims "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26, 27 (1964)). The movant bears the burden of proof to demonstrate

2

that the transfer is clearly favorable, *Heller Fin., Inc. v. Midwhey Powder Co.* 883 F.2d 1286, 1293 (7th Cir. 1989), which can be met only through identifying specific circumstances, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The court must examine each motion on a case-by-case basis, each by its own facts. *Id.* at 219. District courts have the power to use broad discretion in weighing the factors to determine if transfer is proper. *Id.* To show that the transferee venue is as convenient as the transferor venue will not meet the movant's burden. *Id.* at 220.

Transfer is appropriate when venue is proper in the transferor and transferee districts, and when the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000); *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Although defendant Aspen LLC has filed a motion challenging this court's personal jurisdiction over it, neither the plaintiff nor defendants have questioned the validity of either venue in this motion. Therefore, the court will focus on whether the defendants have met the burden to show the District of Colorado to be clearly more convenient to the parties and witnesses and in the interest of justice.

The convenience of the parties and witnesses is assessed through a series of private interest factors, while the promotion of justice addresses public interest factors. *Anchor Wall Systems v. R & D Concrete Prod., Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill. 1999).

*A. Convenience to Parties and Witnesses–Private Interest Factors*

The defendants bear the burden to show that the transferee district is "clearly more convenient" than the transferor district. *Heller*, 883 F.2d at 1293 (citing *Coffey*, 796 F.2d at 219-20); *Amoco*, 90 F. Supp. 2d at 960. The factors the court should consider in determining whether the venue will be more convenient include the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the situs of material events, and the location of documents and other evidence. *United*, 8 F. Supp. 2d at 798.

1. Plaintiff's Choice of Forum and Situs of the Events

A plaintiff's choice of forum should receive a high amount of deference, but it "is not absolute." *Amoco*, 90 F. Supp. 2d at 960. When the situs of the events is not within the plaintiff's choice of forum, then the factor will only receive little weight. *Chicago, Rock Island and Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Anchor*, 55 F. Supp. 2d at 874 (discussing that when the plaintiff's forum lacks relevance to the issue in the case, the deference it receives will be greatly lessened). Mleczek has alleged that a significant event occurred when the defendants mailed an advertisement to her in Illinois, but the plaintiff has failed to attach the advertisement. Further, her complaint states that the causes of action occurred on the day of the accident in Colorado which is within the transferee forum. Therefore the deference normally given to the plaintiff's choice will not be given in this case.

2. Convenience of the Parties

All of the named defendants are either located in Colorado or Illinois, but all Illinois

4

defendants have asked for a transfer to Colorado. Mleczek is an Illinois resident, but has already demonstrated willingness and ease to travel when she originally visited Colorado where the causes of action have allegedly occurred. Further, the defendants have cited employees in Colorado who will serve as witnesses and who are under their control, and if the venue is not transferred it will cost the defendants to obtain the employees' testimony in Illinois because they will have to pay the travel expenses. Mleczek, on the other hand, has not cited any witnesses or evidence that would cost her to transport to Colorado if venue were transferred. She has only cited the fact that she is a resident in this district. Therefore, while it will cost both sides to travel to the other parties' preferred forum, the defendants will have additional costs if the motion is denied and thus, this factor favors transfer.

### 3. Convenience of Witnesses

The court will consider only non-party witnesses who have been specifically cited by the parties in weighing this factor. The court will not consider the location of expert witnesses, even though their opinion may be required in this case, because they are paid witnesses unlike other non-party witnesses and the parties can require their attendance. *Amoco*, 90 F. Supp. 2d at 961 (citing *Karrels v. Adolph Coors Co.*, 699 F. Supp. 172, 176 (N.D. Ill 1988)). Most likely, any witnesses called would be ones who are located in Colorado, including the possibility of medical personnel who responded to the accident as well as any ski patrollers. The plaintiff has not named a single possible witness who is located in Illinois, and therefore the gain in convenience to the defendants' witnesses would not be obtained at the expense of the plaintiff's witnesses.

Since many possible non-party witnesses are located in Colorado and none in Illinois, this factor favors transfer.

4. Location and Ease of Access to Documents and Evidence

When property will play a considerable role in the determination of the outcome of the case, courts have recognized the importance of the ability to view the premise and can order a transfer to allow the viewing. *E.g. Amoco*, 90 F. Supp. 2d at 961. Because the plaintiff has claimed in her negligence charge that the slope may have been poorly maintained, this court views the ability to examine the site as extremely important to ruling on this factor. Any medical records will be located in Colorado at the Aspen Valley Hospital, as well as any contracts Mleczek signed before skiing under the alleged supervision of an employee of the defendants. While the paperwork involved seems small and could easily be transported, access to the property where the accident occurred seems significant, and therefore favors transfer to Colorado.

With regard to these private interest factors, transfer is clearly favored.

B. *Interest of Justice–Public Interest Factors*

To determine if the interest of justice would be served with a transfer, the court should consider the interest in a speedy trial, in adjudicating related cases together, and in having the case tried by a judge familiar with the law at issue. *Heller*, 883 F.2d at 1293. The court should also consider the interest of the community in resolving the case in its own district, *Anchor*, 55 F. Supp. 2d at 875, as well as the availability of a compulsory process to obtain the attendance of

unwilling witnesses, *Chicago*, 220 F.2d at 304. These factors may be determinative of whether a transfer should be issued, even if the private interest factors favor a different outcome. *Coffey*, 796 F.2d at 221. No other related cases are currently being litigated and neither side has identified a witness who will be reluctant to attend trial at either forum, so the court will not consider these factors in its determination.

1. A Speedy Trial

The two most important statistics for the court to consider are the "median months from filing to disposition" and the "median months from filing to trial." *Amoco*, 90 F. Supp. 2d at 962. Here, the median time from filing to disposition in the Northern District of Illinois is 6.5 months, while in the District of Colorado it is 8.8 months, and the median months from filing to trial in the Northern District of Illinois is 26.4 months while in the District of Colorado it is 32 months. *See* Federal Court Management Statistics, http://www.uscourts.gov/cgi-bin/cmsd2006.pl. Therefore, this factor gives slight weight to denying the motion to transfer.

2. Familiarity of Venue with the Applicable Law

Courts frequently answer questions based upon a different state's law. (However, a court located within the jurisdiction of the law to be interpreted is preferred. *See Coffey*, 796 F.2d at 221.) Here, the defendants have pointed to specific Colorado laws, including the Colorado Ski Safety Act, and laws governing Colorado limited liability companies, which may play a determinative role in the case. Although the Northern District of Illinois is perfectly capable of

applying Colorado law, the District of Colorado encounters it more frequently. We therefore find that the applicable law in this case favors transferring venue.

3. Interest of the Community in the Case

Even though the causes of action seem to have only a small connection to the current venue because the complaint alleges that they all occurred in Colorado, Mleczek is a resident of Illinois, which has an interest in adjudicating the rights of its citizens. However, Colorado has an equal interest in interpreting its own laws and hearing a case which involves an event that took place within its jurisdiction, and therefore this factor doesn't favor transfer or retention.

The public interest in this case favors a transfer.

## CONCLUSION

For the foregoing reasons, the defendants' motion to transfer [12] is granted, and this matter is transferred to the United States District Court for the District of Colorado. Accordingly, Aspen LLC's motion to dismiss for lack of personal jurisdiction [10] is denied as moot.

It is so ordered.

Wayne R. Andersen
District Judge

Date: June 20, 2007