IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01591-LTB-MEH

AGNES MLECZEK,

    Plaintiff,

v.

ASPEN SKIING COMPANY, LLC, a Colorado LLC,
BELL MOUNTAIN PARTNERS, an Illinois Limited Partnership,
BELL HIGHLAND CORPORATION, an Illinois corporation,
UNKNOWN SKIING COMPANY,
DONNI COCHRAN, individually, and as Agent of Aspen Skiing Company, LLC, and
UNKNOWN AGENT,

    Defendants.

## ORDER DISCHARGING ORDER TO SHOW CAUSE
## AND RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court on Plaintiff's counsel's Response (#27) to the Order to Show Cause (#24) issued November 2, 2007, after Plaintiff failed to appear at the Scheduling Conference held on November 2, 2007, in the above-captioned case.

Plaintiff instituted this action in Illinois against Defendants for injuries she received while skiing in Aspen, Colorado. This case was transferred to this District on July 27, 2007, and a Scheduling Conference was set for November 2, 2007, by Minute Order dated August 3, 2007. A copy of the Minute Order setting this conference was mailed to Plaintiff's counsel, and the mail was not returned to the Court. Plaintiff's attorneys have previously filed motions to withdraw, which were denied. Both attorneys re-filed their motions to withdraw, which were granted on November 21, 2007, and November 26, 2007, respectively, by District Judge Babcock. At the time of the

conference, both attorneys still represented Plaintiff in this action.

Plaintiff's counsel Michelle Youkhana filed a Response to the Order to Show Cause stating that she filed her Motion to Withdraw based on her medical condition and referred the case to Timothy Murphy. Although Ms. Youkhana should have kept track of this case until her motion was granted, her efforts in securing replacement counsel weigh against requiring any payment of costs and fees in this case. Thus, as to Ms. Youkhana, the Order to Show Cause is **discharged**.

Mr. Timothy Murphy, Plaintiff's second counsel, failed to respond to the Order to Show Cause, though the Order mailed to his office was not returned as undeliverable. Mr. Murphy was given notice and an opportunity to be heard on his failure to appear, and he declined the opportunity to do so. Mr. Murphy has now been permitted to withdraw from this case based in part on a breakdown in communication with Plaintiff. Dock. #28, ¶ 3. The Court further ordered that the Clerk of the Court mail a copy of the Order to Show Cause directly to Plaintiff. This mailing was returned to the Court as undeliverable, and it was delivered to the same address that Plaintiff's counsel Ms. Youkhana and Mr. Murphy have on file for Plaintiff.

On September 5, 2007, Defendants filed a Motion for Judgment on the Pleadings. Dock. #14. By Local Rule, Plaintiff's Response was to be filed on or before September 28, 2007. As a further display Plaintiff's counsel's complete failure to prosecute this case, no response has been filed to this motion.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including default judgment, when a party fails to appear at a scheduling or pretrial conference, and Rule 37(b)(2) permits the court to enter judgment by default when a party fails to obey an order to provide or permit discovery. *Id*.

Plaintiff was previously cautioned that "further failure to comply with Court Orders, including a failure to timely respond to this Order to Show Cause, will result in a Recommendation to the District Judge that this case be dismissed with prejudice for failure to prosecute." Dock. #24.

Prior to recommending dismissal, the Court must consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," [and] (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. . . ." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996).

In this case, each of the factors weighs in favor of dismissal. First, Defendants are prejudiced by the fact that this case remains pending against them by a Plaintiff who has had no contact with the Court and no recent contact with her former attorneys. At this time, the Court has no means of contacting her. Second, this inability to contact Plaintiff clearly impedes the judicial process by precluding the Court from conducting further proceedings. Third, Plaintiff has apparently made no attempts to contact her former counsel or this Court, and she left no forwarding address for the Court's mail to reach her. Finally, the Court warned Plaintiff that failure to respond to the Order to Show Cause would result in a recommendation for dismissal. Because that Order was returned as undeliverable, it appears that Plaintiff has lost touch with this case and her former counsel and has lost interest in pursing her claims. The Court has utilized all means available in attempting to contact her, to no avail.

Generally, a recommendation for dismissal without prejudice may be appropriate for a litigant's failure to prosecute an action. In this case, however, Defendants have filed a Motion for Judgment on the Pleadings, which raises arguably meritorious defenses. Given the fact that this

motion should be deemed confessed because Plaintiff failed to respond even while represented by counsel, the Court believes that dismissal with prejudice is warranted.

Accordingly, the Court hereby RECOMMENDS that the District Court consider Defendants' Motion for Judgment on the Pleadings confessed by Plaintiff due to her failure to prosecute this action and that this case be dismissed with prejudice. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 7th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).